LEE AUGUST v. CATHERINE FINNERTY, BY HER NEXT FRIEND, ETC.

1. IMPEACHMENT OF WITNESS FOR INFAMOUS CRIMES ONLY.

Only such conviction as could have been shown under the law as it formerly was in England and America for which a witness was rendered incompetent to testify can now be shown to impeach or discredit the witness.

2. WITNESS NOT IMPEACHABLE BY PROOF OF PUBLIC PROSTITUTION.

A record of conviction by a police court is not admissible to impeach a witness, such conviction not being of an offense punishable by the statutes of Ohio, or for an infamous crime within the meaning of the fifth amendment to the federal constitution or Art. 1, Sec. 10 of the state constitution for which presentment by grand jury is required.

3. DAMAGES FOR ASSAULT AND BATTERY IN SUM OF $450 NOT EXCESSIVE.

Damages in the amount of $450 is not excessive for an assault and battery on a girl sixteen years of age by throwing her down a flight of stairs and severely injuring her; there being evidence that the assault was an outrageous one for which there could be no justification or reasonable excuse, punitive as well as compensatory damages may properly be allowed, including reasonable attorney fees.

[Proof of this decision and syllabus has been submitted to Judge Marvin and corrected.]

ERROR to Cuyahoga common pleas court.

J. H. Sampliner, for plaintiff in error.

Hart, Canfield & Croke, for defendant in error.

MARVIN, J.

The plaintiff in error was defendant below and the defendant in error plaintiff below; the terms plaintiff and defendant as used in this opinion, will refer to the parties as they were in the court below. The plaintiff, who was a minor, brought suit by her next friend, and sought to recover damages from the defendant on account of an alleged assault and battery committed upon her, as the petition avers, on January 22, 1906; the answer was a general denial. In this state of the pleadings the case went to trial and the plaintiff recovered a judgment for $450. The defendant moved for a new trial, which motion was overruled and the present proceeding is brought to reverse such judgment; a bill of exceptions is filed here containing all of the proceedings in the trial court. The defendant claims that there was error in such proceedings, because the verdict upon which the judgment was entered was not supported by sufficient evidence. The record shows

August v. Finnerty.

that the plaintiff and two other witnesses testified to an assault and battery committed upon her by which she was thrown down a pair of stairs and severely injured. If their testimony is to be believed the assault was committed, and was an outrageous one for which there could be no justification or reasonable excuse. The defendant and two other witnesses testified to the transaction and say that no assault whatever was made upon the plaintiff. In this state of the evidence it was properly a question for the jury to determine what witnesses were to be believed and how far each witness was to be believed. From their verdict it appears that they believed the testimony of the plaintiff and the witnesses produced by her. We cannot say that they were not justified in so believing; hence, the case cannot be reversed upon the weight of the evidence.

It is further urged that the damages awarded are excessive. We do not feel that we should be justified in reversing the case upon this ground. Believing the testimony of the plaintiff and her witnesses, as the jury did, it was a proper case for the recovery of damages; not only compensatory but punitive as well, and it being a proper case for the recovery of punitive damages, the jury had a right to include in its verdict reasonable attorney's fees. If the defendant committed the assault upon this plaintiff, who was a girl but sixteen years old at the time, he deserved punishment, and if the compensation should have been less than $450, certainly it should not have been so much less than that as to show that the jury gave too much for punitive damages.

There is, however, another question urged on the part of the defendant which has received a large amount of attention by the court. The question arose in this way: When the plaintiff was upon the stand, she was asked if she had ever been arrested, and she answered, "Yes." She was then asked if she had ever been convicted in the police court of this city, to which she answered, "No." She was then asked this question: "Isn't it a fact, Katie, that you were charged with being a common prostitute?" To which she answered, "No, sir." Later she was again asked: "Weren't you convicted of the charge of being a common prostitute?" To which she answered, "No, sir." The defendant, when he came to offer evidence in his own behalf, offered a record of the police court of this city. That record reads as follows:

"City cases of the city of Cleveland, Thursday, July 18, 1907. City of Cleveland v. Kittie Finnerty. Common prostitute.

"Affidavit filed. Warrant issued. Defendant in court and pleads not guilty. Hearing had. Found guilty, and she is sentenced to thirty days' workhouse imprisonment and fine of $25 and costs.

Cuyahoga County.

"On further consideration sentence is suspended six months."

(Defendant's Exhibit B.)

And the defendant offered to show that the Kittie Finnerty named in this record was the plaintiff in the action. To the admission of this evidence objection was made by the plaintiff, and that objection was sustained. It is urged that this was error, the argument being: First, that the plaintiff having testified that she never was thus convicted would be discredited by showing this record. That this question had no bearing upon the case on trial is conceded. It was purely a collateral matter. It being a collateral matter the party asking the question was bound by the answer, unless the case comes within some exception to the general rule. The fact that the witness sought to be discredited was a party to the suit in no wise affects the question of whether this record should have been admitted. If it was admissible at all it was admissible without any question having been asked of the witness in cross-examination on this subject. Under the law as it formerly was in England and America, one who had been convicted of any infamous crime was incompetent to be a witness. Under the law as it now is in Ohio, he who would have been incompetent under the law as it formerly was, is liable to be discredited by evidence showing conviction of such a crime as would have rendered the witness incompetent under the law as it was. It is only the conviction of such crimes as would formerly have rendered the witness incompetent which can now be used to discredit the witness. As already said, that crime, the conviction for which rendered the witness incompetent, must have been an *infamous* crime. The conviction here sought to be shown was for an offense made neither a crime nor a misdemeanor by any statute of the state of Ohio. The conviction must have been for the violation of some ordinance of the city of Cleveland, of which the court cannot take judicial notice, and which in no event could be made what is denominated in law an *infamous* crime.

The fifth amendment to the constitution of the United States provides:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger."

Article 1, Sec. 10, of the constitution of the state of Ohio provides that:

"Except in cases of impeachment, and cases arising in the army

and navy, or in the militia when in actual service in time of war or public danger, and in cases of petit larceny and other inferior offenses, no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury.''

The conviction here sought to be shown was a conviction in the police court of the city of Cleveland. It was then a conviction upon which there had been no presentment by a grand jury. The crime then was clearly not an *infamous* crime if it was a crime which could be tried without presentment by grand jury. This view is sustained by *Coble* v. *State,* 31 Ohio St. 100, the language of the second clause of the syllabus reading:

''The credibility of a witness cannot be affected by showing his former conviction of an offense under a city ordinance against disorderly conduct. A conviction, which may be shown to affect the credibility of a witness, under section 139 of the criminal code (66 O. L. 308), is such only, as, independent of the section, would have rendered the convict incompetent to testify.''

It is true that the case being considered was a criminal case, which this case is not, and that the section of the statute being considered was a section which provides for evidence in criminal cases, but the reasoning upon which the court reaches the conclusion which is reached, applies as well to civil as to criminal cases.

In Rapalje, Law of Witnesses, Sec. 201, this language is used:

''Formerly, when convicts were not admitted as witnesses, proof of conviction of crime was altogether fatal, not only to the credibility, but also to the giving of any testimony whatever by the witnesses. Since the almost universal abolition of incompetency by reason of infamy, however, the fact that a witness has been convicted of a crime which would have excluded him at common law is allowed to be shown for the purpose of affecting his credit with the jury.''

In the case of *Bakeman* v. *Rose,* 18 Wend. 146, 153, it is said in the dissenting opinion of Senator Tracy:

''It has been pressed upon us with earnestness and eloquence, that the condition of a public prostitute being the most debased and demoralized state of human being that can be imagined, necessarily presupposes the absence of all moral principle, and especially that of regard for truth; and it is therefore contended that a common reputation of public prostitution, necessarily includes a common reputation for falsehood. In addition, it is urged that the laws of many countries exclude the testimony of females in some cases entirely, and in all cases where any stain is attached to their character; * * *

Cuyahoga County.

In respect to these suggestions, it is sufficient to say, that it is not within the power of this court to subvert the established rules of evidence, and substitute new rules in their place, even were they persuaded, which I am not, that they would be preferable; and if they had this power, it might not be a very discreet exertion of it to attempt to guage crimes and graduate a standard of vices and immoralities. Loathsome, deplorable, and even detestable as is a condition of public prostitution, it is not the only vice 'of a great kindred;' theft, forgery, swindling, drunkenness, gambling, adultery, are also 'well allied;' and if we undertake to determine that the reputation of one vice necessarily includes the reputation of another, it would be difficult to say when or where we could stop.".

This reasoning seems to us to be sound and to apply as well to cases of conviction for prostitution as to cases where it is sought to impeach a witness by showing that she has a general reputation of being a prostitute.

We hold, therefore, that there was no error in the exclusion of this record, first, because it showed no conviction of any offense punishable by the laws of the state of Ohio, and second, because it showed no conviction of an *infamous* crime, as that word is used in law; this, because there could be no prosecution under the constitution of the United States or the state of Ohio for an *infamous* crime, except upon presentment of a grand jury.

Third, only such conviction as could be shown under the old law as to render a witness incompetent can be shown under the law as it is now to discredit the witness.

The result is that we find no error in the record and the judgment of the court of common pleas is affirmed.

**Winch and Henry, JJ.,** concur.